UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>       Plaintiff,<br><br>    v.<br><br>SHARP,<br><br>       Defendant. | No. 2:15-cv-2542 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, in a civil action. He was granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 on January 19, 2016. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On May 10, 2016, defendant filed a motion to reconsider the order granting plaintiff leave to proceed in forma pauperis, and to revoke plaintiff's in forma pauperis status. Plaintiff filed an opposition, and defendant filed a reply. As explained below, defendant's motion should be granted.

I. Legal Standards

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act ("PLRA"). The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits. Cano v. Taylor, 739 F.3d 1214, 1219 (9th Cir. 2014).

1

Title 28 U.S.C. § 1915(g) reads:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As the Supreme Court stated, this "three strikes rule" was part of "a variety of reforms designed to filter out the bad claims filed by prisoners and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Block, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The Ninth Circuit has held that the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2014); Cervantes, 493 F.3d at 1055.

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F.Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999). Title 28 U.S.C. § 1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed as a potential strike is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendants have the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id. at 1120 (quoting § 1915(g)). To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the

2

dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (citing King, 398 F.3d at 1121), cert. denied, 135 S. Ct. 57 (2014).[1]

Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. King, 398 F.3d at 1120. If the plaintiff fails to meet that burden, plaintiff's in forma pauperis status should be revoked under 28 U.S.C. § 1915(g). King, 398 F.3d at 1120.

II.  Plaintiff's Prior Actions

Review of court records reveals that, prior to December 9, 2015, the date the instant action was filed, on three occasions lawsuits filed by the plaintiff have been dismissed on screening as barred by the statute of limitations:

1. Williams v. Aparicio, Case No. 2:14-cv-08640 (C.D. Cal. February 5, 2015).  (ECF No. 10-2 at 16; see also ECF No. 10-2 at 10-15 (report and recommendation).).

2. Williams v. Kerkfoot, Case No. 2:14-cv-07583 (C.D. Cal. May 15, 2015) (ECF No. 10-2 at 38; see also ECF No. 10-2 at 26-37 (report and recommendation).)

3. Williams v. Young, Case No. 2:14-cv-8037 (C.D. Cal. May 19, 2015) (ECF No. 10-2 at 49-55 (Memorandum and Order Dismissing Action as Untimely).

Here, the first issue is whether the dismissals of plaintiff's prior three actions are properly characterized as "strikes" under 28 U.S.C. § 1915(g).  In Belanus v. Clark, 796 F.3d 1021 (9th Cir. 2015), the United States Court of Appeals for the Ninth Circuit affirmed a district court decision dismissing a complaint on screening as barred by the statute of limitations and holding that the dismissal "constituted a 'strike' against [the plaintiff] pursuant to 28 U.S.C. § 1915(g)." Belanus, 796 F.3d at 1023.  The issues before the panel in Belanus were (1) whether the plaintiff in that case could "assert a cognizable claim for equitable tolling of the statute of limitations," id., and (2) whether the dismissal could count as a strike where the plaintiff had paid the filing fee for the lawsuit.  Id. at 1027.  Two members of the panel held the plaintiff could not demonstrate entitlement to equitable tolling and that a fee-paid complaint could count as a "strike" under 28

---

[1] Plaintiff's argument that certain dismissals cannot count as strikes because the court did not expressly "deem" the dismissal to be a strike is unavailing in light of Knapp and King.

3

1  U.S.C. § 1915(g).[2]  The majority held that the district court had "properly considered Belanus'
2  complaint and summarily determined that he could not state a cause of action" because the action
3  was time-barred and the prisoner could not plead entitlement to equitable tolling.  Id. at 1030.
4  The panel also affirmed the "decision to count the dismissal as a strike against Belanus."  Id.

5  This court is bound by Belanus.  While the Belanus panel did not analyze whether
6  dismissal on statute of limitations grounds qualifies as a dismissal for failure to state a claim
7  within the meaning of 28 U.S.C. § 1915(g), its holding requires this court to find that a dismissal
8  on such grounds is subject to § 1915(g).  In accordance with Belanus, this court is required to
9  conclude that plaintiff's prior three cases, set forth above, constitute "strikes" within the meaning
10  of 28 U.S.C. § 1915(g).

11  Second, plaintiff argues that these three prior dismissals cannot serve as strikes under
12  § 1915(g) because he is pursuing appeals and relief in the Ninth Circuit, and has not exhausted or
13  waived his appellate rights in each case.  However, as argued by defendant, the Supreme Court
14  held that "a prior dismissal . . . counts as a strike even if the dismissal is the subject of an appeal."
15  Coleman, 135 S. Ct. at 1763.  Therefore, plaintiff's argument is unavailing.

16  III.  Imminent Danger

17  Because plaintiff has filed three cases that constitute strikes under § 1915(g), he is
18  precluded from proceeding in forma pauperis in this action unless he can demonstrate he was
19  "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  "[T]he availability of
20  the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint
21  was filed, not at some earlier or later time."  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir.
22  2007).  In his opposition, plaintiff relies on the allegations in his original complaint to argue that
23  he was receiving improper medical care at the time he filed his complaint.  Plaintiff claims that
24  his repeated complaints of pain, as well as the threatening statements made by defendant, both

---

[2] The dissent joined parts of the opinion but believed that plaintiff should have been given an opportunity to amend his complaint to plead entitlement to equitable tolling, and that the district court's characterization of the dismissal as a strike was "unnecessary" and had no "binding effect upon [plaintiff] or upon any future court," and there was no "case or controversy" as to that issue.  Id. at 1031-32.

4

meet the imminent danger of serious physical injury exception.

The court reviewed the complaint, and plaintiff does not allege facts demonstrating an imminent danger of serious physical injury. (ECF No. 1, *passim*.) Rather, plaintiff claims that on August 28, 2015, defendant Sharp used excessive force by requiring plaintiff to submit to handcuffs behind his back, rather than waist chains, and forced plaintiff to carry his heavy work product in a plastic bag to the law library. Plaintiff states that he informed defendant that he had an injured shoulder and was unable to carry the legal papers behind his back. Plaintiff complained about the tight handcuffs during the escort, and claims that defendant then pushed plaintiff against the wall, asking him if he wanted to go back, and then grabbed his arm leaving bruises. Plaintiff claims that he asked for medical assistance upon arrival, but defendant refused. Subsequently, another staff member took plaintiff to medical, where plaintiff explained that he has a chronic pain issue on his left neck and shoulder, but the pain was made worse by defendant's actions. The medical chart documented the weight of the plastic bag containing plaintiff's legal papers to be 5.6 pounds. (ECF No. 1 at 6-7.) Plaintiff was provided an ice pack and "instructed to take his pain med." (ECF No. 1 at 6.) Plaintiff does not identify the pain medication, and he does not allege that he continues to suffer pain for which he is not receiving treatment. The fact that the medical professional referred to plaintiff's pain medication -- "his pain med" -- suggests that plaintiff had a prescription for pain medication at that time.

Although plaintiff alleges that defendant verbally threatened plaintiff, his factual allegations show plaintiff complained about an isolated incident, and do not support plaintiff's statements in his opposition that he "was still receiving improper care," or that he "was suffering up until filing [the] complaint and after." (ECF No. 12 at 2.) Thus, plaintiff fails to demonstrate that he was at risk of an imminent danger of serious physical injury at the time he filed his complaint. Andrews, 493 F.3d at 1058, n.11.

IV. Conclusion

Because plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and failed to allege facts suggesting he was in imminent danger of serious physical injury at the time he filed his complaint, defendants' motion to revoke plaintiff's in forma pauperis status should be granted,

and plaintiff should be required to submit the $400.00 filing fee[3] in order to proceed with this action.  Plaintiff is cautioned that failure to pay the filing fee will result in the dismissal of this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 10) is granted;

2. Defendant's motion to reconsider (ECF No. 10) is granted;

3. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1. Defendant's motion to revoke plaintiff's in forma pauperis status (ECF No. 10) be granted; and

2. Plaintiff be ordered to pay the $400.00 filing fee within twenty-one days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 21, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will2542.1915g

---

[3] The $400.00 filing fee may be reduced by the amount that has been paid pursuant to the court's January 19, 2016 order directing deductions from plaintiff's prison trust account. (ECF No. 5.)